1
2
3
4
5
6
7
8
9
10
11
12
13
14

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

15  DEON KNOWLES,                          ) Case No. CV 10-03107-GAF (SH)
                                           )
16              Petitioner,                ) MEMORANDUM AND ORDER
                                           ) DISMISSING PETITION FOR WRIT
17                                         ) OF HABEAS CORPUS
        v.                                 )
18                                         )
    J. MARSHALL, Warden,                   )
19                                         )
                                           )
20              Respondent.                )
                                           )
21  ─────────────────────────────────────

## I. **BACKGROUND**

22
        On April 26, 2010, pro se petitioner, in state custody, filed a Petition for Writ
23
    of Habeas Corpus by a Person in State Custody ("Petition").  In his Petition,
24
    petitioner challenges his sentence following his 2004 second degree robbery and ex-
25
    felon in possession of a firearm convictions, Los Angeles Superior Court (Case No.
26
    MA025056).  (Petition at 2).  The Petition solely alleges that the court erred in
27
    sentencing petitioner to the high term and to consecutive sentences without
28

1  submitting the issue to a jury pursuant to <u>Cunningham v. California</u>, 549 U.S. 270,

2  127 S.Ct. 856, 166 L.Ed.2d 856 (2007) and <u>Blakely v. Washington</u>, 542 U.S. 296,

3  124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).  (Petition at 5, Attachment at 1-8).

## II.  DISCUSSION

5  On August 30, 2007, petitioner filed a Petition for Writ of Habeas Corpus by

6  a Person in State Custody herein (Case Number CV 07-05680-GAF (SH)).  In that

7  habeas petition, petitioner challenged the same 2004 convictions and resulting

8  sentence, and alleged the first portion of the claim alleged in the Petition herein.  On

9  September 12, 2008, the district court dismissed that Petition with prejudice, in

10  accordance with the conclusions of the Magistrate Judge.

11  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

12  enacted on April 24, 1996, provides in pertinent part that:

13  (a) No circuit or district judge shall be required to entertain an

14  application for a writ of habeas corpus to inquire into the detention of a

15  person pursuant to a judgment of a court of the United States if it appears that

16  the legality of such detention has been determined by a judge or court of the

17  United States on a prior application for a writ of habeas corpus, except as

18  provided in §2255.

19  (b)(1) A claim presented in a second or successive habeas corpus

20  application under section 2254 that was presented in a prior application shall

21  be dismissed.

22  (2) A claim presented in a second or successive habeas corpus

23  application under section 2254 that was not presented in a prior application

24  shall be dismissed unless--

25  (A) the applicant shows that the claim relies on a new rule of

26  constitutional law, made retroactive to cases on collateral review by the

27  Supreme Court, that was previously unavailable; or

28  (B)(i) the factual predicate for the claim could not have been

1    discovered   previously through the exercise of due diligence; and

2         (ii) the facts underlying the claim, if proven and viewed in light of the

3    evidence as a whole, would be sufficient to establish by clear and convincing

4    evidence that, but for constitutional error, no reasonable fact finder would

5    have found the applicant guilty of the underlying offense.

6         (3)(A) Before a second or successive application permitted by this

7    section is filed in the district court, the applicant shall move in the appropriate

8    court of appeals for an order authorizing the district court to consider the

9    application.

10        (B) A motion in the court of appeals for an order authorizing the

11   district court to consider a second or successive application shall be

12   determined by a three-judge panel of the court of appeals.

13        (C) The court of appeals may authorize the filing of a second or

14   successive application only if it determines that the application makes a

15   prima facie showing that the application satisfies the requirements of this

16   subsection.

17        (D) The court of appeals shall grant or deny the authorization to file a

18   second or successive application not later than 30 days after the filing of the

19   motion.

20        (E) The grant or denial of an authorization by a court of appeals to file

21   a second or successive application shall not be appealable and shall not be the

22   subject of a Petition for Rehearing or for a Writ of Certiorari.

23        (4) A district court shall dismiss any claim presented in a second or

24   successive application that the court of appeals has authorized to be filed

25   unless the applicant shows that the claim satisfies the requirements of this

26   section.  28 U.S.C. § 2244.

27        28 U.S.C. § 2244(b)(3) "creates a 'gatekeeping' mechanism for the

28   consideration of second or successive applications in district court.  The prospective

3

1  applicant must file in the court of appeals a motion for leave to file a second or
2  successive habeas application in the district court. § 2244(b)(3)(A)." Felker v.
3  Turpin, 518 U.S. 651, 657, 116 S.Ct. 2333, 135 L.Ed 2d 827 (1996).

4       The instant Petition is a successive habeas corpus petition. The instant
5  Petition was filed on April 26, 2010, well after the effective date of the AEDPA.
6  Cunningham v. California, the basis of the claim alleged in the Petition, did not
7  announce a new rule of constitutional law. See Butler v. Curry, 528 F.3d 624, 633-
8  39 (9th Cir. 2008), cert. denied, 129 S.Ct. 767 (2008). Moreover, to the extent that
9  the claim alleged in the Petition is based on Blakely v. Washington, Blakely was not
10 unavailable to petitioner at the time he filed his prior federal habeas petition.
11 Therefore, petitioner was required to obtain authorization from the Court of Appeals
12 before filing the present Petition. See 28 U.S.C. §2244(b)(3)(A). It appears that no
13 such authorization has been obtained in this case. Thus, the Petition should be
14 dismissed for that reason.

15

16                          **III. ORDER**

17       ACCORDINGLY, IT IS ORDERED that the Petition be dismissed.
18 DATED:  May 5, 2010
19
20                          _____
21                          GARY A. FEESS
                            UNITED  STATES  DISTRICT  JUDGE
22 Presented by:
23 Dated:April 28, 2010
24
25 _____
26     STEPHEN J. HILLMAN
   UNITED STATES MAGISTRATE JUDGE
27
28

                               4